UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80372-CIV-MARRA

MADELAINE MARTORELLA,
individually and for all
others similarly situated,

      Plaintiff,

vs.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS INDENTURE
TRUSTEE FOR AMERICAN HOME
MORTGAGE INVESTMENT TRUST
2006-1 AND AMERICAN HOME
MORTGAGE SERVICING, INC.,

      Defendants.

_____/

## OPINION AND ORDER STRIKING JURY DEMAND

THIS CAUSE is before the Court upon Defendants' Motion to Strike Plaintiff's

Jury Trial Demand [DE 41].  The Court has carefully considered the motion, response,

reply, Ms. Martorella's mortgage and other evidence attached to the motion and

response, and is otherwise fully advised in the premises.

Defendants argue that Madelaine Martorella ("Martorella") waived her right to

a jury trial in the mortgage that is the subject of this lawsuit, and that her demand

for a jury trial should therefore be stricken from her complaint.  Plaintiff argues she

is not bound by the mortgage provision waiving the right to a jury trial for various

reasons including because she did not knowingly and voluntarily waive her right to a

jury trial.

## STANDARD OF REVIEW

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Courts have broad discretion in disposing of motions to strike. *Anchor Hocking Corp. v. Jacksonville Elec. Authority*, 419 F.Supp. 992 (M.D. Fla. 1976).

The right to a jury trial in federal courts is to be determined by federal law in diversity actions.  *See Simler v. Conner*, 372 U.S. 221, 222 (1963) ("Only through a holding that the jury trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved"); *accord Ford v. Citizens & So. Nat'l Bank Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991) ( [the right is determined by federal law] "even though the 'substantive dimension' of a claim brought in federal court may be governed by state law").  The question of whether the right has been waived is likewise governed by federal law.  *Columbus Mills, Inc. v. Freeland,* 918 F.2d 1575, 1577 (11th Cir. 1990).

The Eleventh Circuit has instructed that waivers of valid jury demands are not to be lightly inferred and "should be scrutinized with utmost care."  *Haynes v. W.C. Caye & Co., Inc.*, 52 F.3d 928, 930 (11th Cir. 1995).  However, when a jury trial is validly waived, courts regularly mandate the enforcement of the waiver.  *See e.g., Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823-24 (11th Cir. 2006);

*Milsap v. Cornerstone Residential Mgmt., Inc*. 05-60033-CIV-MARRA, 2007 WL 965590 (S.D. Fla. March 28, 2007); *Allyn v. Western United Life Assur. Co.*, 347 F. Supp. 2d 1246 (M.D. Fla. 2004).

<u>DISCUSSION</u>

On September 30, 2005, Martorella executed and delivered the 25 page mortgage and six page note subject to this action.  Paragraph 25 of the mortgage contains a jury trial waiver:

> The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

DE 43-1 at 15 of 27.  Martorella agreed to the terms of the mortgage by signing the mortgage on the page immediately following paragraph 25.

A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary.  *See Brookhart v. Janis*, 384 U.S. 1, 4-5 (1966); *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823-24 (11th Cir. 2006). In making this assessment, courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable.  *See Bakrac*, 164 F. App'x at 823-24 (citing *Leasing Service Corp. v. Crane*, 804 F.2d 828, 833 (4th Cir.1986)).  No single factor is conclusive, and "[i]n making a determination, the Court is not bound by the number of factors that have been satisfied."  *Hancock*

*v. Deutsche Bank Nat. Trust Co.,* 2006 WL 6319816, *4 (M.D. Fla. Oct. 24, 2006).

Rather, the Court asks whether, "in light of all the circumstances, the Court finds the

waiver to be unconscionable, contrary to public policy, or simply unfair." *Allyn v. W.*

*United Life Assur. Co.,* 374 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004).

In this case, Martorella makes several arguments why the jury waiver clause

should not be enforced, including that it is unremarkable and inconspicious, she is not

a mortgage professional and is in a relatively weak bargaining position compared to

Defendants, she was not represented by counsel at the mortgage closing, she had no

opportunity to negotiate the mortgage terms, and it does not waive the right to a

jury trial for her statutory causes of action under the Florida Deceptive and Unfair

Trade Practices Act ("FDUTPA") and Florida Consumer Collection Practices Act

("FCCPA").

**Conspicuousness of the Waiver**

To determine the conspicuousness of the waiver provision, courts consider the

size and font of the waiver in comparison to other provisions of the document, the

length of the document in which the waiver is found, the placement of the waiver in

the document, and the clarity of the waiver language.  *See, e.g., Murphy v. Cimarron*

*Mortg. Co.,* 2007 WL 294229, at *2 (M.D. Fla. Jan. 29, 2007) ("the jury trial waiver

provision was conspicuous, since (1) it is in its own separate paragraph, (2) it is in the

same size font as the rest of the document, (3) it is located in the last numbered

paragraph of a relatively short document, and as such, it cannot be considered to be

hidden within the document, and (4) it states in clear and unambiguous language that Plaintiffs are waiving their right to a jury trial"); *Perez v. Saxon Mortgage Services, Inc.*, 2006 WL 2868938, at *3 (M.D. Fla. Oct 6, 2006); *Belin v. Litton Loan Serving, LP*, 2006 WL 2061340, at *1 (M.D. Fla. July 17, 2006); *Allyn v. Western United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1252-53 (M.D. Fla. 2004); *Mellon Bank, N.A. v. Miglin*, 1993 WL 281111 (N.D. Ill. Apr. 29, 1993) (finding waiver provision in seven page document that was in the same typeface as every other clause to be conspicuous. "There are not, however, any special requirements for highlighting a jury waiver provision in a contract.  In general, the courts have only found jury waivers to be inconspicuous, and therefore invalid, in extreme cases.")

In this case the clause is adequately conspicuous.  It is contained in its own separate paragraph.  It is located on the last page of the mortgage and directly precedes Plaintiff's signature.  DE 43-1 at 15 of 27.  The jury trial waiver is in a typeface and style consistent with the rest of the document and is not obscured by other language.  It is not hidden in a footnote.  In addition, the jury trial waiver is written in clear and unambiguous language, rather than in perplexing "legalese."  *See Allyn*, 347 F. Supp. 2d at 1252 (finding waiver provision to be conspicuous when it was located in the last numbered paragraph near the end of the document and contained straightforward, understandable language).  In addition, absent a showing of fraud or mental incompetence, a party who signs a contract cannot avoid her obligation under the contract simply by showing that she did not read what she signed.  *Coleman v.*

*Prudential Bache Sec., Inc.*, 802 F.2d 1350, 1352 (11th Cir. 1986) (per curiam) (while addressing an argument that an arbitration clause was in a contract of adhesion, stating that "absent a showing of fraud or mental incompetence, a person who signs a contract cannot avoid her obligations under it by showing that she did not read what she signed").

**Scope of Waiver**

Martorella argues that her FDUTPA and FCCPA claims are not within the scope of the jury trial waiver provision, and as such, she is entitled to have a jury hear these claims.  Plaintiff relies on *Jones v. Bank of Am., N.A.*, 2012 WL 3065381 (M.D. Fla. July 27, 2012) where the court declined to enforce a jury trial wavier in the context of a consumer protection action related to debt collection practices when such jury trial waiver was contained in a mortgage.  In *Jones*, the court concluded that the Defendant failed to demonstrate that the jury trial waiver encompassed Plaintiff's consumer protection action.  *Id.* at *2.

The jury trial waiver provision in Martorella's mortgage provides:  "The Borrower [Martorella] hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note."  The Court rejects Martorella's argument that this case is like *Jones*, and that her FDUTPA and FCCPA claims are not in any way related to the mortgage, and thus not within the scope of the jury trial waiver provision.  Martorella's FDUTPA and FCCPA claims arise

from collection activities for amounts due under the mortgage and note that she executed.  *See Belin v. Litton Loan Servicing, LP*, 2006 WL 2061340 (M.D. Fla. July 17, 2006); *Miller v. Northwest Trustee Services, Inc.*, 2005 WL 1711131, at *4 (E.D. Wash July 20, 2005).

**Other Grounds**

The Court rejects Plaintiff's contention that because she was "unsophisticated" and she lacked bargaining power, the jury waiver should not be enforced.  Plaintiff was under no obligation to seek financing from Defendants, and she also was not barred from seeking her own counsel.  As stated in *Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1295 (M.D. Fla. 2010), "[A] term in a contract waiving a party's right to a jury trial is not unenforceable even though one party to a contract is a large corporation and the other party is simply an individual who is in need of the corporation's services."  *See also Milsap v. Cornerstone Residential Mgmt., Inc.*, No. 06–CV–60033, 2007 WL 965590 (S.D. Fla. March 28, 2007) (finding that a single mother with two small children in need of housing could have walked away from an apartment lease containing a jury trial waiver if she found the lease terms unacceptable).

Furthermore, to the extent that Plaintiff asserts that she was unable to negotiate the terms of the mortgage, the Court finds that no circumstances prevented Plaintiff from walking away from the loan she was offered if she did not want to waive her right to a jury trial.  Nothing in the pleadings leads the Court to

believe that the balance of the bargaining power tipped heavily against Plaintiff.

Plaintiff did not walk away from the transaction; rather, she signed the mortgage and

bound herself to all of the terms contained therein.

Courts routinely and regularly enforce jury trial waivers found in loan

agreements.  *See, e.g., Anderson v. Apex Fin. Group, Inc.*, 2008 WL 2782684 (M.D.

Fla. July 16, 2008) (enforcing a conspicuous jury trial waiver contained in a

mortgage).  This case is no exception.  There is no indication in this record to support

eh conclusion that the waiver was unconscionable, contrary to public policy, or

simply unfair.  Accordingly and upon due consideration of the individual factors noted

above as well as the totality of the circumstances, the Court will grant the instant

motion.

**Premature**

Martorella also argues that this motion is premature because Defendants have

not yet served an answer to the complaint, and so the Court cannot know the scope

of the claims to be tried.  As the Court has determined that Martorella's waiver was

voluntary and knowing and applies to all of her claims, this argument is moot.

**CONCLUSION**

For the reasons stated above, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Strike Plaintiff's Jury Trial Demand [DE 41] is GRANTED.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of March, 2013.

_____
KENNETH A. MARRA
United States District Judge